IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | : | No. 3:06cv176 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| MARIAN WISNIEWSKI, and ALAN WISNIEWSKI | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Presently before the Court for disposition are Plaintiff Nationwide Mutual Insurance Company's Motion to Stay Arbitration and Motion For Summary Judgment. These matters have been fully briefed and are ripe for disposition. For the following reasons, we will deny these motions and dismiss this case because the dispute between the parties falls within the scope of an agreement to arbitrate.

**I.     Background[1]**

On October 4, 2001, Defendant Marian Wisniewski was operating her motor vehicle when she was struck by a vehicle operated by Margaret Anderson. At the time of the accident, Anderson was covered by an insurance policy issued by Travelers Insurance Company with a $300,000 liability limit. Wisniewski filed a claim against Anderson and Travelers, which they agreed to submit to binding high/low arbitration. They agreed that the minimum recovery would be $75,000 and the maximum recovery would be $200,000.

---

[1] The following background facts are derived from the Complaint and are undisputed.

Wisniewski requested Nationwide's consent to settle the suit for the binding arbitration, but Nationwide refused on the grounds that the binding arbitration offer did not constitute a settlement offer for which it could provide consent.  Wisniewski responded by informing Nationwide that she considered its refusal a waiver of its right to consent to settlement.

Thus, Wisniewski proceeded to the binding arbitration where the Honorable Thomas Raup of ADR Options, Inc. awarded $250,000 to her and $25,000 to her husband, Alan Wisniewski.  Following this arbitration, the Wisniewskis sought to recover underinsured motorist (UIM) benefits under their policy with Nationwide, and have demanded arbitration of this claim.  Nationwide responded with the instant five count declaratory action.  Each count seeks the same relief: a declaration that Nationwide has no duty to pay underinsured motorist benefits to the Wisniewskis and an injunction preventing the Wisniewskis from seeking underinsured motorist payments under their policy.  Nationwide reasons that the arbitration award of $275,000, which was molded to $200,000, was less than Anderson's policy limit of $300,000.  Thus, Anderson was not underinsured.

## II. Discussion

This diversity action is governed by substantive state law, and neither party disputes that Pennsylvania law controls.  State Farm Mut. Auto. Ins. Co. v. Coviello, 233 F.3d 710, 713 (3d Cir. 2000) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938)). Nationwide argues that none of the claims it raises in the instant suit are subject to arbitration under the UIM policy's arbitration clause.  We find that the dispute between the parties falls

within the scope of the arbitration agreement, and therefore, we have no jurisdiction and we will dismiss this case.

"To determine the arbitrability of a dispute a court must address two issues: 1) whether the parties formed an agreement to arbitrate; and 2) whether the dispute in question falls within the scope of that agreement." Nationwide Mutual Ins. Co. v. Cosenza, 258 F.3d 197, 202 (3d Cir. 2001) (citing Messa v. State Farm Ins. Co., 641 A.2d 1167, 1168 (Pa. Super. Ct. 1994)). Pennsylvania law favors arbitration of insurance claims. Id. at 204 (citing Borgia v. Prudential Ins. Co., 750 A.2d 843, 847-50 (Pa. 2000); Brennan v. General Accident Fire and Life Assurance Corp., 574 A.2d 580 (Pa. 1980)).

Neither party disputes that the policy contains an agreement to arbitrate. The policy provides "if we (Nationwide) and the insured disagree about the right to recover damages from the owner or driver of an underinsured motor vehicle or the amount of such damages . . . arbitration shall be conducted." (Def. Ex. F. in Supp. Mot. Stay., Endorsement 2358, at 3) (emphasis added). The policy, however, excludes coverage issues from the scope of the arbitration clause. "Questions between the injured party and us regarding whether the injured party is an insured under this coverage, or the limits of such coverage, are not subject to arbitration and shall be decided by a court of law." (Ex. F. in Supp. Mot. Stay Arbitration, Endorsement 2358, at 2). "Insured" is defined as "one who is described as entitled to protection under each coverage." (Id.) The coverage provision states: "We will pay compensatory damages, including derivative claims, which are due by law to you or a relative

3

from the owner of an underinsured motor vehicle because of bodily injury suffered by you or a relative." (Ex. F. in Supp. Mot. Stay Arbitration, Endorsement 2358, at 1).

Nationwide claims that the dispute is a question of coverage, and thus is beyond the scope of the arbitration agreement. It reasons that the applicability of the coverage depends on the definition of underinsured motor vehicle, which in turn depends on whether Anderson's liability coverage was sufficient to pay the damages the Wisniewskis are entitled to recover. Thus, the issue of the amount of damages affects whether coverage is available, so it is not subject to arbitration. While we agree that coverage depends on the amount of damages the Wisniewskis are entitled to recover from Anderson,[2] we find that this amount of damages is a question that falls within the arbitration agreement despite its coverage implications. The arbitration clause provides: "[I]f we (Nationwide) and the insured disagree about the right to recover damages from the owner or driver of an underinsured motor vehicle <u>or the amount of such damages</u> . . . arbitration shall be conducted." (Def. Ex. F. in Supp. Mot. Stay., Endorsement 2358, at 3) (emphasis added). Furthermore, the recovery section specifies: "Before recovery, we and any injured party seeking protection under this coverage must agree on two points: a) whether there is a legal right to recover damages from the owner or driver of an underinsured motor vehicle; and if so, b) <u>the amount of the damages.</u>" (Ex. F. in Supp. Mot. Stay Arbitration, Endorsement 2358, at 2) (emphasis

---

[2] In the most basic sense, the dispute is whether the Wisniewskis can recover from Nationwide. Under the policy, however, the Wisniewskis can only recover damages from Nationwide that are due by law from an underinsured motorist. Thus, the issue is the amount of damages they can recover from Anderson.

added).  Thus, the Wisniewskis' right to recover damages from Anderson and the amount of the damages is a question for the arbitrators even though it affects a coverage issue.

The court in <u>Nationwide v. Cosenza</u>, addressed the exact same language regarding arbitration of UIM claims.  258 F.3d 197, 203-04 (3d Cir. 2001).  There, Nationwide claimed that the insureds could not recover UIM benefits because they had recovered under the liability coverage and the policy precluded recovery under both coverages.  <u>Id.</u> at 204.  The court noted that questions of whether a claimant was an "insured" were for the court.  <u>Id.</u> at 203.  Since "insured" was defined as "one who is described as entitled to protection under each coverage," the court proceeded to the section defining UIM coverage.  <u>Id.</u>  "[F]or the purposes of this UIM coverage, an 'insured' is the policy holder and relatives of the policy holder who are entitled by law to recover damages from the driver or owner of the underinsured vehicle."  <u>Id.</u>  Nationwide argued that the defendants were not entitled to damages by law because of the provision excluding dual recovery.  <u>Id.</u>  The court rejected this argument, noting that the definition of insured did not require that the damages be due by law under the insurance contract, but merely due by law from the driver or owner of the underinsured vehicle.  <u>Id.</u>  It stated, "Nowhere does Nationwide suggest that the appellants are not entitled under the law to recover additional damages from Nicolucci, the driver of the underinsured vehicle.  Even if Nationwide did advance such an argument, <u>the issue of whether appellants are legally entitled to damages from Nicolucci is an issue that falls squarely within the agreement to arbitrate</u>, as set forth above."  <u>Id.</u> (emphasis added).  The

court ultimately concluded that the dispute fell outside the scope of the arbitration agreement because the dual recovery provision was a limit, and the disputes on the limits of coverage were specifically excluded from the policy.  Id.

Here, the dispute is whether the Wisniewskis have a right to recover damages from Wisniewski beyond those awarded in the arbitration.  In Count I Nationwide alleges the Wisniewskis are not entitled to UIM coverage because Anderson was not an underinsured motorist under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 PA. CONS. STAT. ANN. §§1702-31(MVFRL) because her liability coverage exceeded the arbitration award.  In Count II, Nationwide maintains that Anderson was not an underinsured motorist within the policy's definition for the same reason.  In Count III, Nationwide claims that the Wisniewskis are collaterally estopped from claiming that their damages exceeded the arbitration award.  In Count IV, Nationwide asserts that under the doctrine of accord and satisfaction, the Wisniewskis cannot recover any damages beyond those awarded by the arbitrator. Each of these counts is premised on Nationwide's argument that there are no damaged due by law to the Wisniewskis other than the arbitration award.  Thus, the dispute is the Wisniewkis' legal right to recover damages from Anderson[3] and the amount of the

---

[3] Counts I and II depend on Nationwide's strict interpretation of the meaning of damages "due by law" and "legal right to recovery" within the policy, as well as Nationwide's strict interpretation of the meaning of "legally entitled to recover damages" within the MVFPL. Nationwide reasons that since the Wisniewskis released their right to recover damages other than those in the arbitration award, they have no legal right to recover  further damages and no further damages are due by law.  Some courts interpret similar language literally and prevent insureds who release tortfeasors for less than their liability limits from recovering UIM benefits because the insured no longer has a legal right to recover additional damages from the tortfeasors.  See, e.g., Nationwide Mutual Ins. Co. v. Nacchia, 628 A.2d 48, 52-53 (Del. 1993).  Other courts have

damages. Therefore, these Counts fall within the arbitration clause and we will dismiss them.

In Count V, Nationwide maintains that an exhaustion clause in the policy prevents the Wisniewskis from recovering underinsured motorist benefits. Although this Count is couched as a dispute over a limitation clause, which is excluded from the arbitration agreement,[4] we find that the dispute again centers on the amount of damages. The clause provides: "No payment will be made until the limits of all other auto liability insurance and bonds that apply have been exhausted by payments." (Ex. F. in Supp. Mot. Stay Arbitration, Endorsement 2358, at 3). The complaint alleges: "Since the defendants . . . have not exhausted the limits of available liability insurance under the policy of insurance issued by the Travelers Insurance Company, there can be no claim presented by the defendants . . .for recovery of underinsured motorist benefits." (Compl. ¶ 86). The exclusion clause, however, does not preclude recovery of UIM benefits. See Boyle v. Erie Ins. Co., 656 A.2d 941, 944 (Pa. Super. Ct. 1995). The exclusion clause is a "threshold requirement and not a barrier to underinsured motorist insurance coverage." Id.

[W]hen the insureds settled their claim against the tortfeasor's liability carrier

---

interpreted this language broadly to mean that an insured need only establish fault on the part of the underinsured and the amount of his or her damages to be legally entitled to recovery, even if the insured released the tortfeasor. See, e.g., West American Ins. Co. v. Popa, 723 A.2d 1, 6-7 (Md. Ct. App. 1999) (citing Karlson v. City of Oklahoma City, 711 P.2d 72 (Okla. 1985); Winner v. Ratzlaff, 662 P.2d 681, 685 (Kan. 1973)).

[4] "Questions between the injured party and us regarding . . . the limits of such coverage, are not subject to arbitration." (Ex. F. in Supp. Mot. Stay Arbitration, Endorsement 2358, at 2).

7

>   for less than policy limits, the underinsured motorist carrier was entitled to compute its payment to its injured insureds as though the tortfeasor's policy limits had been paid. . . . <u>Under this view, the insureds will not be allowed underinsured motorist benefits unless their damages exceed maximum liability coverage provided by the liability carriers</u> of other drivers involved in the accident, and their insurer will, in any event, be allowed to credit the full amounts of the tortfeasors' liability coverages against the insureds' damages.

Id. at 944-45 (citations omitted).

Thus, the exhaustion clause prevents recovery only if the Wisniewskis' damages are less than Anderson's liability limits. As discussed supra, this issue is a question for the arbitrator. Therefore, we cannot grant Plaintiff the relief it seeks under Count V without first deciding an issue expressly reserved for the arbitrator. Accordingly, we will dismiss each count because we are without jurisdiction to resolve this dispute.[5] An appropriate order follows.

---

[5] Although neither party has moved to dismiss based on the arbitration agreement, Plaintiff has specifically raised this issue in its Motion to Stay Arbitration, and both parties have had notice and an opportunity to brief this issue. Thus, we will sua sponte dismiss the case. To the extent that this case involves disputes that are tangential to or dependant upon the issue to be decided by the arbitrator, fashioning a declaratory judgment contingent upon the dispute to be arbitrated would serve no useful purpose. Any relief we grant would necessarily depend on the ruling of the arbitrator. Therefore, we decline to exercise our jurisdiction in that regard. See Exxon Corp v. FTC, 588 F.2d 895 (3d Cir. 1978) (discussing the district court's discretion to decline to exercise its jurisdiction to issue a declaratory judgment).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | : | No. 3:06cv176 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **MARIAN WISNIEWSKI, and ALAN WISNIEWSKI** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 7th day of August 2006, it is hereby **ORDERED** that:

1)   Plaintiff's Motion to Stay Arbitration (Doc. 5) is **DENIED**;

2)   Plaintiff's Motion for Summary Judgment (Doc. 12) is **DENIED**;

3)   Plaintiff's Complaint (Doc. 1) is **DISMISSED** for lack of jurisdiction.

4)   The Clerk of Court is directed to close this case.

BY THE COURT:


**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**